UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION - DETROIT

In the matter of:

Quinnon Lebourisa
Martin, III,

Case No. 11-64275-MBM
Chapter 13
Hon. Marci B. McIvor

Debtor.    /

**OPINION DENYING DEBTOR'S MOTION FOR RECONSIDERATION**

On October 27, 2006, Merton Villa, LLC, a Michigan limited liability company obtained a loan from LaSalle Bank National Association in the amount of $750,000.00. The loan was secured by a mortgage on real property located at 820-830 Merton in Detroit, Michigan. The loan was also secured by an assignment of all rents generated by the property. Repayment of the loan was guaranteed by debtor Quinnon Martin, III, (hereinafter referred to as the "Debtor") the principal of Merton Villa, LLC.

On August 21, 2007, the mortgage, the assignment of rents, the note and the guarantee were assigned by LaSalle National Bank to Fannie Mae. On February 28, 2009, Fannie Mae sent Debtor a letter stating that the loan obtained by Merton Villa, LLC, was in default. The letter commences with the following:

> Re: Multifamily Note (the "Note") dated as of October 27, 2006, in the face amount of $750,000.00, executed by Merton Villa, LLC, a Michigan limited liability company ("Borrower"), to the order of LaSalle Bank National Association, which Note is secured by, inter alia, the lien of that certain Multifamily Mortgage, Assignment of Rents and Security Agreement and Fixture Filing (the"Security Instrument") of even date therewith, covering certain real and personal property (the "Property") located at 820-830 Merton Road, Detroit, Michigan, and more particularly described in the Security Instrument; which Note and Security Instrument have been assigned to Fannie Mae (herein so called); Fannie Mae Loan Number 80000997134

> Dear Mr. Martin:
>
> As you were advised by letters date[d] November 10, 2008 and November 24, 2008 (collectively, the "Demand Letter"), and by reason of Borrower's failure to pay the amounts so demanded at the time and in the manner set forth therein (the "Existing Default"), the loan evidenced by the Note and secured by the Security Instrument (the "Loan") has been declared to be due and payable immediately. The purpose of this Agreement is to set forth the terms and conditions on which the Loan may be reinstated.

The letter went on to propose a forbearance agreement and requested that the letter agreement be signed by both Merton Villa, LLC, and by Debtor as the guarantor. The letter agreement was signed by a director of Fannie Mae and Debtor, acting in his capacity as the managing member of the limited liability corporation, and in his capacity as guarantor.

In April of 2011, Merton Villa, LLC, defaulted on its payments to Fannie Mae. On May 24, 2011, Quinnon Martin filed a voluntary petition under Chapter 7 of the Bankruptcy Code, Case Number 11-54754. Notwithstanding his obligation on the guarantee which had been assigned to Fannie Mae, Debtor did not list Fannie Mae as a creditor either on the matrix or on Schedule F (schedule of unsecured creditors). Debtor listed his interest in Merton Villa, LLC, on Scheduled B (schedule of personal property). On September 7, 2011, the Court entered an order discharging Debtor in the Chapter 7 case. The case remains open to allow the Trustee to administer any assets of the Chapter 7 bankruptcy estate.

On June 3, 2011, Fannie Mae accelerated the obligations under the loan documents and demanded payment of the indebtedness by Merton Villa, LLC, and from Debtor as guarantor. A demand letter sent on June 3, 2011, further notified Debtor and Merton Villa, LLC, that Merton Villa's license under the mortgage to collect rents

2

terminated, and instructed Merton Villa, LLC, to hold all rents received in trust for the benefit of Fannie Mae. Merton Villa, LLC, made one payment subsequent to the demand letter; however, it did not repay the entire indebtedness as required by the June 3 letter. Accordingly, Fannie Mae commenced the process of foreclosure by advertisement of the real property located at 820-830 Merton. The foreclosure sale was initially scheduled for August 31, 2011.

On August 30, 2011, Merton Villa, LLC, transferred its only significant asset, the real property located at 820-830 Merton, to Debtor by way of a quit claim deed. The consideration for the transfer of the property was one dollar. The quit claim deed was recorded on September 6, 2011, at libre 49349, page 829, at the Wayne County Register of Deeds.

On September 13, 2011, the Debtor filed a voluntary petition for relief under Chapter 13 of the Bankruptcy Code. The Chapter 13 petition was filed less than one week after Debtor received his Chapter 7 discharge and approximately two weeks after Merton Villa, LLC, transferred its only asset to Debtor. The Chapter 7 case remains open. The assets listed on Debtor's Schedule B in the Chapter 7 case have not been abandoned by the Chapter 7 trustee.

On September 23, 2011, Fannie Mae filed a motion for relief from the automatic stay in order to continue its foreclosure action against the Merton property. On September 27, 2011, Debtor filed schedules, a Chapter 13 plan of reorganization, and a Motion to Use Cash Collateral. Debtor's Schedule A (schedule of real property) lists the real property located at 820-830 Merton as property of the Debtor, and Debtor's Schedule D (schedule of secured debt) lists Fannie Mae as a secured creditor in the

3

amount of $250,000.00. Debtor's Schedule F does not list any unsecured creditors.

On October 6, 2011, the Court held a Hearing on Fannie Mae's Motion for Relief from the Automatic Stay and Debtor's Motion for Use of Cash Collateral. At the conclusion of the hearing, the Court adjourned both motions until October 20, 2011.

On October 20, 2011, the Court issued a bench opinion granting Fannie Mae's Motion for Relief from Stay. The Motion was granted pursuant to 11 U.S.C. § 362(d)(1) and 11 U.S.C. § 362(d)(2). On October 21, 2011, the Court entered an Order Granting Fannie Mae's Motion for Relief from the Automatic Stay.

On November 4, 2011, Debtor filed a Motion for Reconsideration of the Court's Order granting Fannie Mae's Motion for Relief from the Automatic Stay. On November 7, 2011, Debtor also filed an Ex-Parte Motion Seeking a Stay pending the Court's ruling on Debtor's Motion for Reconsideration. On November 7, 2011, the Court entered an Order Granting Debtor's Motion for Stay.

Motions for reconsideration are governed by L.B.R. 9024-1(a) (E.D.M.). That rule reads in relevant part:

> (a)(3) Grounds. Generally and without restricting the discretion of the court, a motion for reconsideration that merely presents the same issues ruled upon by the court, either expressly or by reasonable implication, will not be granted. The movant shall not only demonstrate a palpable defect by which the court and the parties have been misled but also show that a different disposition of the case must result from a correction thereof.

In his Motion for Reconsideration, Debtor argues that in granting Fannie Mae's Motion for Relief from Stay, the Court made specific findings of fact. The Debtor then argues that those findings of fact were erroneous, and therefore there is a palpable

4

defect in the Court's ruling.

Debtor has mischaracterized this Court's ruling. In its ruling, the Court made no specific factual findings as to either the value of the real property at 820-830 Merton, or whether the discharge in Debtor's Chapter 7 case precludes Fannie Mae from enforcing its guaranty against Debtor. The Order granting Fannie Mae's Motion for Relief from Stay was based on the relevant loan documents (the note, the mortgage, the assignment of rents, the guaranty, and letters from Fannie Me to Debtor), the schedules filed by Debtor in his Chapter 7 and Chapter 13 bankruptcies, the Chapter 13 Plan filed by Debtor, the quit claim deed executed on August 30, 2011 transferring the property located at 820-830 Merton from Merton Villa, LLC to Debtor, and the undisputed facts regarding Fannie Mae's foreclosure action against the real property.

Based on the documents, the undisputed fact of the foreclosure action, and the law in the Sixth Circuit, the Court found "cause" to lift the stay pursuant to 11 U.S.C. § 362(d)(1).[1] 11 U.S.C. § 362(d)(1) states in relevant part:

> (d) On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay-
> (1) for cause, including the lack of adequate protection of an interest in property of such party in interest;

The Sixth Circuit has recognized that a debtor's lack of good faith in filing a petition for bankruptcy may be the basis for lifting the automatic stay for cause. *See*, *Laguna Assoc. Ltd. V. Aetna Casualty & Surety Co. (In re Laguna Assoc. Ltd.)*, 30 F.3d

---

[1] The Court also stated that there were grounds to lift the stay under 11 U.S.C. §362(d)(2). Since it is sufficient to grant a lift of stay under 11 U.S.C. § 362(d)(1), the Court declines to discuss 11 U.S.C. § 362(d)(2) in this Opinion.

734 (6th Cir. 1994). *See also*, *Carolina Corp. v. Miller,* 886 F.2d 693, 699 (4th Cir. 1989) ("§ 362(d)(1)'s 'for cause' language authorizes the court to determine whether, with respect to the interests of a creditor seeking relief, a debtor has sought the protection of the automatic stay in good faith"); *Idaho v. Arnold (In re Arnold),* 806 F.2d 937, 939 (9th Cir. 1986) ("The debtor's lack of good faith in filing a bankruptcy petition has often been used as cause for removing the automatic stay."); *Little Creek Dev. Co. V. Commonwealth Mortgage Corp. (In re Little Creek Dev. Co.),* 779 F.2d 1068, 1071-72 (5th Cir. 1986) (lack of good faith constitutes "cause" for lifting the stay to permit foreclosure).

The determination of whether a debtor filed for relief in good faith is within the discretion of the bankruptcy court. *Metro Employees Credit Union v. Okorech-Baah (In re Okorech-Baah)*, 836 F.2d 1030, 1033 (6th Cir. 1988). Factors to be considered by the bankruptcy court in evaluating whether a debtor filed for relief in good faith are:

> (1) the debtor has one asset;
>
> (2) the pre-petition conduct of the debtor has been improper;
>
> (3) there are only a few unsecured creditors;
>
> (4) the debtor's property has been posted for foreclosure, and the debtor has been unsuccessful in defending against the foreclosure in state court;
>
> (5) the debtor and one creditor have proceeded to a standstill in state court litigation, and the debtor has lost or has been required to post a bond which it cannot afford;
>
> (6) the filing of the petition effectively allows the debtor to evade court orders;
>
> (7) the debtor has no ongoing business or employees; and

6

11-64275-mbm    Doc 65    Filed 11/17/11    Entered 11/17/11 14:40:06    Page 6 of 8

(8) the lack of possibility of reorganization.

*In re Laguna Assoc. Ltd.*, 30 F.3d at 738. *Michigan Nat'l Bank v. Charfoos (In re Charfoos)*, 979 F.2d 390, 393 (citing *In re Little Creek Dev. Co.,* 779 F.2d at 1072-73).

In granting Fannie Mae's Motion for Relief from Stay, this Court found that Debtor's pre-petition conduct was improper and that Debtor demonstrated a lack of good faith in filing a bankruptcy petition under Chapter 13 of the Bankruptcy Code. The Court based it ruling on the following factors: First, Debtor has played fast and loose with the ownership of the real property located at 820-830 Merton. On the eve of a foreclosure sale, Debtor as the principal of Merton Villa, LLC, transferred the property from Merton Villa, LLC, to himself for the sum of one dollar. Second, prior to filing his Chapter 13 bankruptcy, Debtor filed a Chapter 7 bankruptcy in which he failed to list Fannie Mae as a creditor, thereby depriving Fannie Mae of notice of the bankruptcy. Third, in the instant Chapter 13 case, Debtor lists no unsecured creditors even though there is a deficiency balance on the mortgage and note related to the real property at 820-830 Merton and Debtor is potentially liable on his personal guaranty.[2] Fourth, the property at 820-830 Merton was in foreclosure at the time Debtor filed his Chapter 13 bankruptcy petition. By transferring the property to himself and then filing a Chapter 13 bankruptcy, Debtor stayed Fannie Mae's foreclosure action. Fifth, it is unlikely that Debtor will be able to propose a feasible Plan of Reorganization, given that his proposed Chapter 13 Plan could only be confirmed if Debtor could cram down the value

---

[2] Debtor alleges repeatedly that his liability on the guaranty was discharged in his Chapter 7 bankruptcy. Fannie Mae disagrees based on the fact that Fannie Mae was not listed as a creditor in Debtor's Chapter 7 case. For purposes of its ruling on Fannie Mae's Motion for relief from Stay, the Court does not need to address or resolve this dispute.

of the Merton property to $250,000.00, pay nothing on his unsecured debt (which Debtor claims to be zero), and prove that his self employment income is sufficient to fund his Chapter 13 plan.[3]

In conclusion, the loan documents, the pleadings filed in Debtor's Chapter 7 and 13 cases, and the undisputed facts of the foreclosure action support the Court's determination that Debtor's Chapter 13 case was not filed in good faith. A lack of good faith constitutes "cause" for lifting the stay under 11 U.S.C. § 362(d)(1).

Debtor's Motion for Reconsideration of this Court's Order Granting Relief from Stay fails to demonstrate a palpable defect by which the Court has been misled. Therefore, Debtor's Motion for Reconsideration is denied. The automatic stay is terminated as to the property located at 820-830 Merton, Detroit, Michigan.

Signed on November 17, 2011

                                             /s/ Marci B. McIvor
                                             Marci B. McIvor
                                             United States Bankruptcy Judge

---

[3] Debtor makes many assumptions in his proposed Chapter 13 plan. He assumes that the value of the Merton property is $250,000.00 (Fannie Mae claims the value is significantly higher). Debtor assumes his personal guaranty was discharged in his Chapter 7 bankruptcy, Fannie Mae disagrees. Debtor assume he has no liability for the deficiency balance on the mortgage. Fannie Mae disagrees. Given Fannie Mae's objections to the Debtor's proposed Plan of Reorganization, the likelihood of Debtor confirming his proposed plan is slim. See, Fannie Mae's Objection to Confirmation of Plan (Docket No. 63).